UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X

STEPHANIE MIYARES,

                                              Plaintiff,    **COMPLAINT**

               -against-                  11-cv-4297 (RJS)(KNF)

THE CITY OF NEW YORK; DET. EDWARD GARCIA,
SHIELD #1346; and P.O. JOHN AND JANE DOES #    ECF Case
1-5, the individual defendant(s) sued
individually and in their official              Jury Trial Demanded
capacities,

                                              Defendants.

----------------------------------------------X

**PRELIMINARY STATEMENT**

       1.    This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York. The claims arise from an incident that occurred on or about March 25, 2010. During the incident the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, excessive force, unlawful search and seizure, federal and state law malicious prosecution, negligence, gross negligence, intentional and negligent infliction of emotional distress and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.     This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law (malicious prosecution, negligence, gross negligence, and intentional and negligent infliction of emotional distress). Notices of Claim were duly filed on defendant City of New York within 90 days of some of the incidents at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

5.     Plaintiff Stephanie Miyares is a resident of the State of New York, New York County.

6.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff' rights as described herein.

7.     Defendant Det. Edward Garcia is a New York City Police Officer, assigned shield number 1346 and employed with the Manhattan

North Narcotics Bureau located in New York, New York, or other as yet unknown NYPD assignment who violated plaintiff's rights as descried herein.

8. Defendants P.O. John and Jane Does # 1-5 are New York City Police Officers, employed with the Manhattan North Narcotics Bureau located in New York, New York, or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

9. The individual defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

10. On March 25, 2010, at and in the vicinity of 562 Academy Street, Apartment H24, New York, New York 10034 ("the apartment"), the 25th and 34th Precincts, located in New York, New York and Manhattan Central Booking, several police officers operating from the Manhattan North Narcotics Bureau, including upon information and belief, defendants Det. Garcia, and P.O. John and Jane Does # 1-5, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiff.

11. On March 25, 2010, at approximately 6:00 a.m., at and in the vicinity of 562 Academy Street, Apartment H24, New York, New York, plaintiff was an overnight guest in the apartment when, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, the defendants unlawfully entered the apartment by

3

breaking through the door and drew their firearms at plaintiff and her seven month old child.

12. Once the defendant officers entered the apartment, plaintiff was not free to disregard their questions, or walk way or leave the scene.

13. While inside the apartment, defendants, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiff (or any third person) had committed a crime falsely arrested plaintiff.

14. Upon information and belief, plaintiff was not the subject of any search warrant.

15. During the arrest of plaintiff, defendants committed excessive force against her, by maliciously, gratuitously, and unnecessarily pointing a firearm at her, grabbing plaintiff, and placing excessively tight handcuffs on plaintiff's wrists. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

16. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff were unarmed, compliant, and did not resist arrest.

17. Plaintiff was physically injured as a result of the excessive use of force, and suffered numbness and marks to her wrists.

18. Plaintiff asked the individual defendants to loosen the cuffs, but they did not.

19. Plaintiff told the defendants that she was not a resident of the apartment but they ignored her and threatened to take her child to protective services if she did not inform them of criminal activity within the apartment.

20. Thereafter, plaintiff was brought to the 34th and 25th Precincts, located in New York, New York for arrest processing.

21. Plaintiff was transferred to New York Central Booking where they were subjected to depraved, filthy, and inhumane conditions of confinement.

22. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

23. While plaintiff was incarcerated at the 34th and 25th Precincts and Central Booking awaiting arraignment, defendants, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed various crimes; based upon the false statements of defendants, the New York County District Attorney's Office chose to prosecute plaintiff under docket # 2010NY022766.

24. The above-stated malicious prosecution terminated in plaintiff' favor when the cases against plaintiff was dismissed in its entirety on **DATE**.

25. The aforesaid events are not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that

many of the NYPD's officers are insufficiently trained on the proper way to investigate, use force, and search arrestees or detainees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location.

26.   Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York has failed to take corrective action.  This failure caused the defendants in the present case to injure plaintiff, violate the law, and violate the plaintiff's rights.

27.   Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers.  Despite such notice, defendant has retained these individuals, and failed to adequately train and supervise them.

28.   At all times defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly trained the individual defendants for the position of police officers.

29.   At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

30.   At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal,

unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

31.   At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

32.   The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

33.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

34.   Plaintiff did not resist arrest at any time during the above incidents.

35.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

36.   The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any

criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

37. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

38. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

39. As a direct and proximate result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

40. The plaintiff are also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff' rights.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

41. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

42.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiff (or any third person) had committed a crime.

43.   Accordingly, defendants are liable to plaintiff for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (EXCESSIVE FORCE UNDER FEDERAL LAW)

44.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45.   The individuals use of force upon plaintiff, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiff pain and injury.

46.   Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## THIRD CLAIM

### (MALCIOUS PROSECUTION UNDER FEDERAL LAW)

47.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48.   Defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution against plaintiff by knowingly, intentionally, and maliciously providing false statements

to prosecutors and/or the criminal court(s), which alleged plaintiff had committed various crimes; and based upon these false statements, prosecutors prosecuted plaintiff until the case against plaintiff was dismissed in its entirety.

     49.    The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

     50.    The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

     51.    The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

**FOURTH CLAIM**

**(MALCIOUS PROSECUTION UNDER STATE LAW)**

     52.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

     53.    Defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution against plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s), which alleged plaintiff had committed various crimes; and based upon these false statements, prosecutors prosecuted plaintiff until the case against plaintiff was dismissed in its entirety.

     54.    The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

55. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

## **FIFTH CLAIM**

### **(FAILURE TO SUPERVISE)**

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. The supervisor defendants are liable to plaintiff because they supervised subordinate individual defendants concerning above-mentioned unlawful acts against plaintiff, and approved their unlawful acts.

## **SIXTH CLAIM**

### **(NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEES UNDER STATE LAW)**

58. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

59. Defendant City of New York is liable to plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers.

## SEVENTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW)

60.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

62.   The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

63.   The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff' physical safety, or caused the plaintiff to fear for their own safety.

## EIGHTH CLAIM

### (NEGLIGENCE, GROSS NEGLIGENCE UNDER STATE LAW)

64.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

65.   Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

## NINTH CLAIM

### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

66.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

68. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

## TENTH CLAIM

**(FEDERAL MONELL CLAIM AGAINST THE CITY OF NEW YORK)**

69. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

70. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

71. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

72. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

73. In addition, the following are City policies, practices and customs: (a) arresting innocent individuals found at crime scenes, based on a pretext, in order to meet productivity goals; (b) fabricating evidence against individuals; (c) using excessive force on individuals; and (d) retaliating against individuals who engage in free speech.

**WHEREFORE**, plaintiff demand a jury trial and the following relief jointly and severally against the defendants:

    (a) Compensatory damages in an amount to be determined by a jury;

    (b) Punitive damages in an amount to be determined by a jury;

    (c) Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    (d) Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
              June 23, 2011

JAVIER A. SOLANO, ESQ.  
*Attorney for Plaintiff*  
507 Willis Avenue  
Bronx, New York 10457  
718.665.3200  
jsolano@solanolegal.com  

MICHAEL O. HUESTON, ESQ.  
MICHAEL P. KUSHNER, ESQ.  
*Attorneys for Plaintiff*  
350 Fifth Avenue, Suite 4810  
New York, New York 10118  
212.643.2900/ 212.202.2634  
mhueston@nyc.rr.com  
kushner.michael@gmail.com  
By:

_____/s/_____  
MICHAEL P. KUSHNER